UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BARRY D. MATHIAS, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 16-1091-JDT-cgc |
| VS. | ) |
| | ) |
| PAUL THOMAS, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 9),
GRANTING MOTION TO AMEND (ECF No. 12),
SEVERING CASES AND DIRECTING PLAINTIFF MATHIAS
TO FILE A NON-PRISONER *IN FORMA PAUPERIS* AFFIDAVIT OR
PAY THE $400 CIVIL FILING FEE

On February 18, 2016, Plaintiffs Barry D. Mathias, Timothy G. Coffman, Richard L. Casey, Jr. and James A. Williams filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) At the time, all four were incarcerated at the Gibson County Correctional Complex ("GCCC") in Trenton, Tennessee. Each Plaintiff signed the complaint, and each submitted an two-page prisoner i*n forma pauperis* application. (ECF Nos. 2, 3, 4, & 5.) An amended complaint was filed on July 5, 2016, which is also signed by all four Plaintiffs. (ECF No. 8.) Plaintiffs also filed a motion for appointment of counsel on July 13, 2016. (ECF No. 9.) Plaintiff Matthias filed a letter on July 28, 2016, requesting to correct the name of one of the named defendants, which was docketed as a motion to amend. (ECF No. 12.)[1]

---

[1] The motion to amend requests that Defendant Tim Witherspoon's name be corrected to Tom Witherspoon. That motion is GRANTED, and the Clerk is directed to modify the docket to reflect the name change.

None of the Plaintiffs are currently incarcerated at the GCCC. Plaintiff Coffman notified the Clerk that he is presently incarcerated at the Carroll County Jail in Huntingdon, Tennessee. (ECF No. 15.) On November 3, 2016, Plaintiff Williams submitted a change of address indicating that he has been released and resides in Trenton, Tennessee. (ECF No. 19.) Plaintiff Matthias also was released and resides in Milan, Tennessee. (ECF No. 22.) On March 13, 2017, the Clerk docketed a notice from Plaintiff Casey stating he had been transferred to the U.S. Penitentiary Coleman I in Sumterville, Florida. (ECF No. 25.)

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

At this stage of the proceedings, no Plaintiff has satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. Nothing in the motion serves to distinguish this case from the many other cases filed by *pro se* litigants who are not trained attorneys and who may have limited access to legal materials. Therefore, the motion for appointment of counsel is DENIED.

Furthermore, it is not practicable for the four Plaintiffs to litigate their claims in a single action, especially since they currently are incarcerated in separate prisons or have been released from prison. Therefore, the Court hereby SEVERS the claims of Plaintiffs Coffman, Casey and Williams. The Clerk is DIRECTED to open new civil actions for Plaintiffs Coffman, Casey, and Williams and to docket in each case a copy of the complaint and the applicable motion for leave to proceed *in forma pauperis*, as well as any other applicable documents for that Plaintiff. This case will proceed with Barry D. Mathias as the sole Plaintiff.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. However, in this case, the filing fee was not paid prior to Plaintiff's release. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Plaintiff Mathias is ORDERED to submit either the five-page non-prisoner *in*

*forma pauperis* affidavit or the entire $400 filing fee[2] within 30 days after the date of this order. The Clerk shall mail Plaintiff Mathias a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff submits a non-prisoner affidavit and the Court finds that he still qualifies for pauper status, he will not be responsible for the additional $50 fee.